IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOLIE M. POLACEK, | ) | CASE NO.5:16 CV 1504 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Jolie M. Polacek for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders the parties have briefed their

---

[1] ECF # 29. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 6.

[6] ECF # 12.

positions.[7] and filed supplemental charts[8] and the fact sheet.[9]  They have participated in a telephonic oral argument.[10]

## A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Polacek, who was 44 years old at the time of the administrative hearing[11] graduated high school and went to junior college.[12] She is married and has two children.[13] Her past relevant work history includes employment as a customer service representative, rental car desk clerk, and a night auditor.[14]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Polacek had severe impairments consisting of myotonic muscular dystrophy and idiopathic peripheral neuropathy (20 CFR 404.152(C)).[15] The ALJ made the following finding regarding Polacek's residual functional capacity:

---

[7] ECF # 16 (Polacek's brief), ECF #21 (Commissioner's brief), ECF # 27 (Polacek's reply brief).

[8] ECF # 21-1(Commissioner's charts); ECF # 16-1 (Polacek's charts).

[9]  ECF # 15.

[10] ECF # 28.

[11] ECF # 11, Transcript ("Tr.") at 37

[12] *Id*. at 38.

[13] *Id*. at 128-29.

[14] *Id*. at 21.

[15] *Id*. at 12.

The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant could never climb ladders, ropes or scaffolds and only occasionally climb ramps and stairs. The claimant could only occasionally operate foot controls with her lower extremities. The claimant could occasionally stoop, kneel, and crouch, but never crawl.  She must avoid all exposure to hazards such as dangerous machinery and unprotected heights.[16]

Given that residual functional capacity, the ALJ found Polacek capable of her past relevant work as a customer service representative and, therefore, not under a disability.[17]

Polacek asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Polacek presents the following issue for judicial review:

• Whether the ALJ erred by not calling a medical expert.[18]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.    Standard of review**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[16] *Id.* at 13.

[17] *Id.* at 20.

[18] ECF # 16 at 2.

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

-4-

**B.      Application of standard**

This case presents a straightforward issue within a somewhat complex setting. Essentially Polacek argues that the ALJ erred by not calling a medical expert (ME) to determine whether the facts of her treatment after the date she was last insured (DLI) gave rise to an inference that her muscular dystrophy met Listing 11.13 prior to the date she was last insured.

In this context, Polacek asserts that Social Security Ruling (SSR) 83-20 should be understood as requiring the ALJ to retain the services of an ME (medical expert).[22]  She maintains that because she was clinically determined to have significant symptoms of muscular dystrophy - a "slowly progressive disease"[23] - very shortly after her DLI,[24] an ME should have been used to determine if her muscular dystrophy had actually been severe enough to meet or equal the relevant listing before the DLI.[25]

While Polacek and to some extent the Commissioner have expended significant resources on whether SSR 83-20 is or should be invoked only after there has been a finding of disability by the ALJ, the decisive question here is actually simpler, and does not implicate SSR 83-20 at all.  The ALJ's determination was that the objective clinical evidence obtained prior to the DLI did not establish that Polacek met Listing 11.13 during that period because

---

[22] ECF # 16 at 3-4.

[23] ECF # 27 at 4.

[24] Tr. at 13.

[25] ECF # 27 at 2.

there was no showing that there was a disorganization of motor function as is set forth in 11.04B.[26]  This finding is entirely consistent with a "slowly progressive disease" in that such a disease may well progress over a few months to one where the impairment reaches a level of severity such that the Listing is met - but only met after the DLI, in which case there is no remaining issue of disability to be determined.[27]

This finding in this case - and the time sequence involved - also does not show that there was any ambiguity or confusion as to whether Polacek's impairment was disabling prior to the DLI.  As the Commissioner points out, there were no significant gaps in the evidence of Polacek's treatment during this time, and there was "ample, contemporaneous evidence" regarding her condition during the period before the DLI from which to conclude that she "simply did not show that she met the requirements of Listing 11.13 during that time."[28] Moreover, as the Commissioner also observes, the finding that Polacek's muscular dystrophy did not constitute a disabling impairment during the relevant period was affirmed by the state agency reviewing physician who opined that she did not meet or equal a listed impairment during that time.[29]  Not only was that opinion the only medical opinion on point

---

[26] Tr. at 13.

[27] This may well be one reason why the Sixth Circuit has held that SSR 83-20 only applies when there has already been a finding of disability and the question is about the onset date of that disability. *Key v. Callahan,* 109 F.3d 270, 274 (6th Cir. 1997).

[28] ECF # 21 at 11.

[29] *Id*. at 12 (citing record).

contained in the record,[30] but it is well-settled that such an opinion by a state agency source may be relied on by the ALJ.[31]

## Conclusion

For the reasons stated, I find that the decision of the Commissioner to deny benefits to Jolie Marie Polacek is supported by substantial evidence, and so is here affirmed.

Dated: March 13, 2017                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[30] *See, id.* at 13.

[31] *See*, SSR 96-6p (indicating that ALJs are "required" to consider opinions on the nature and severity of impairments offered by state agency consultants); *see also*, *Washington v. Comm'r of Soc. Sec.,* No. 1:13 CV 624, 2014 WL 2002988, at * 3 (N.D. Ohio May 14, 2014)(citation omitted)("it is not improper [in formulating the RFC] for the ALJ to rely upon the opinion of a non-examining state agency source, who is generally considered to be an expert in Social Security disability evaluations, and who are acknowledged to be useful to the ALJ in making sense of the whole record").

-7-